THE HONORABLE DAVID W. CHRISTEL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EUGENE TREMBLE III,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>MARGARET GILBERT,<br><br>　　　　　　Respondent. | NO. C15-5841-RJB-DWC<br><br>RESPONDENT'S MOTION FOR A MORE DEFINITE STATEMENT<br><br>**NOTE ON MOTION CALENDAR:**<br>January 22, 2016 |

The Respondent, by and through her attorneys, Robert W. Ferguson, Attorney General, and John J. Samson, Assistant Attorney General, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure and Rules 2 and 4, 28 U.S.C. foll. § 2254, moves for a more definite statement regarding the grounds for relief raised in Tremble's habeas corpus petition.

### I.　STATEMENT OF THE CASE

Tremble has filed a habeas corpus petition challenging his custody under a state court judgment and sentence. ECF No. 7. The form petition does not specifically identify any claim. ECF No. 7, at 5-9. Instead, the petition simply states "see exhibit one," "see exhibit two," "see exhibit one & two," and "see exhibit one & 2" in the sections of the petition where the claims should be identified. ECF No. 7, at 5-9. Tremble has attached to the petition as exhibits one and two copies of the briefs Trembled had filed in the state courts. ECF No. 7, at 14-40 and ECF No. 7-1, at 1-3. These briefs contain numerous claims of error under state and federal law. ECF No. 7, at 14-40 and ECF No. 7-1, at 1-3.

RESPONDENT'S MOTION FOR A
MORE DEFINITE STATEMENT -
NO. C15-5841-RJB-DWC

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

Viewing the habeas petition, it is unclear what claims Tremble actually wishes to pursue in federal court. The petition itself does not identify any claim. While the petition references the attached briefs, this does not clarify the claims Tremble wishes to pursue in federal court. For example, in the space for ground one the petition refers to exhibit one, in the space for ground two the petition refers to exhibit two, and in the spaces for grounds three and four the petition refers to both exhibits one and two. This could suggest that ground one is raising one claim listed in exhibit one, ground two is raising a different claim listed in exhibit two, and grounds three and four are raising two more claims listed in exhibits one and two. But it could also suggest that grounds three and four are raising the same claim since both grounds refer to exhibits one and two. It could also suggest that grounds one and two are subsumed in grounds three and four, and that Tremble is actually pursuing less than four grounds. In short, it is not clear what claims Tremble wishes to pursue in federal court.

Because Tremble has not specifically identified the claims he is pursuing in his current petition, Respondent moves for a more definite statement. Respondent respectfully requests that the Court direct Tremble to provide a concise statement of the grounds for relief he intends to raise in the petition. Respondent further requests that the answer be due 45 days after Tremble files and serves the concise statement of grounds for relief.

## II.   ARGUMENT

A habeas corpus petition must "specify all the grounds for relief available to the petitioner." Rule 2(c)(1), 28 U.S.C. foll. § 2254. The petition must also "state the facts supporting each ground." Rule 2(c)(2), 28 U.S.C. foll. § 2254. Under the civil rules, if a pleading is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). The Court in a habeas corpus proceeding may "consider a motion from respondent to make the petition more certain." Advisory Committee Notes, 1976 Adoption, to Rule 4, 28 U.S.C. foll. § 2254.

RESPONDENT'S MOTION FOR A
MORE DEFINITE STATEMENT -
NO. C15-5841-RJB-DWC

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

1   Respondent cannot reasonably be required to prepare an answer to the current petition. As discussed above, the petition does not specifically identify the grounds for relief now pursued by Tremble in federal court. The petition refers to briefs filed in state court, but the petition does not contain a concise statement of each ground now pursued in federal court. The petition does not give Respondent fair notice of the actual claims now pursued in federal court. Simply referring to briefs filed in state court proceedings does not comply with Rule 2(c).

Although ground relief one refers to exhibit one, grounds for relief three and four also refer to exhibit one. Respondent must guess whether grounds for relief one, three and four raise the same or different claims. The same can be said for ground for relief two. Since grounds two, three and four all refer to exhibit two, Respondent must guess whether grounds two, three and four raise the same or different claims. It is simply unclear from reading the petition the actual claims Tremble wishes to pursue in federal court.

If the current claims are not specifically listed in the petition, Respondent's answer may miss a claim or issue that Tremble now intends to pursue. In such a case, Tremble may argue that Respondent has waived a defense as to that claim or issue. Conversely, if Respondent responds to all possible claims and issues that might be identified by a review of the prior state court briefing, Respondent might spend resources addressing claims and issues that Tremble is no longer pursuing. It does not serve the interests of justice or judicial economy to force Respondent and the Court to guess at the claims Tremble now intends to pursue in federal court.

Respondent therefore respectfully moves for a more definite statement of the grounds for relief actually raised by the petition. Respondent further respectfully requests that the due date for the answer to the petition be reset for 45 days after filing and service of Tremble's more definite statement that specifically identifies the grounds for relief.

RESPONDENT'S MOTION FOR A MORE DEFINITE STATEMENT - NO. C15-5841-RJB-DWC

3

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

### III. CONCLUSION

For the reasons stated above, Respondent respectfully requests that this Court grants her motion and direct Tremble to provide a concise statement of the grounds raised in his current petition. Respondent respectfully requests that the due date for the answer to the petition be reset for 45 days after filing and service of such a concise statement.

DATED this 4th day of January 2016.

Respectfully submitted,

ROBERT W. FERGUSON
Attorney General

s/ John J. Samson
JOHN J. SAMSON, WSBA #22187
Assistant Attorney General
Corrections Division
P.O. Box 40116
Olympia, WA 98504-0116
(360) 586-1445
(360) 586-1319 facsimile
johns@atg.wa.gov

RESPONDENT'S MOTION FOR A
MORE DEFINITE STATEMENT -
NO. C15-5841-RJB-DWC

4

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant:

**EUGENE TREMBLE III, DOC #716871**         docscccinmatefederal@doc1.wa.gov

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 4th day of January, 2016, at Olympia, Washington.

s/ Tera Linford
TERA LINFORD, Legal Assistant 3
Corrections Division
PO Box 40116
Olympia WA  98504-0116
360-586-1445
TeraL@atg.wa.gov

RESPONDENT'S MOTION FOR A
MORE DEFINITE STATEMENT -
NO. C15-5841-RJB-DWC

5

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
PO Box 40116
Olympia, WA 98504-0116
(360) 586-1445