UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EUGENE TREMBLE III, | CASE NO. 15-5841-RJB DWC |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| MARGARET GILBERT, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge David W. Christel. Dkt. 22. The Court has reviewed the Report and Recommendation, objections, and the remaining file.

Petitioner filed a Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on November 19, 2015.  Dkt. 1.  Petitioner has since conceded that three of his five grounds for relief (2, 3, and 5) should be dismissed.  The Report and Recommendation recommends denial of his remaining two claims, which are: (1) violation of his right to effective assistance of counsel and (2) violation of his Sixth Amendment right to confront a witness.  Dkt. 22.  The Report and

Recommendation further recommends that a certificate of appealability be denied.  *Id.* Petitioner filed objections to the Report and Recommendation.  Dkt. 23.

The facts and procedural history are in the Report and Recommendation (Dkt. 22, at 1-5) and are adopted here.

Standard of Review. 28 U.S.C. § 2254 governs petitions for a writ of *habeas corpus*. A petition for writ of *habeas corpus* will not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1).

Evidentiary Hearing.  Petitioner objects to the Report and Recommendation's recommendation that he is not entitled to an evidentiary hearing.  Dkt. 23. Petitioner asserts that if his claims are proven, he would prevail.  *Id.*  The Report and Recommendation (Dkt. 22) should be adopted and no evidentiary hearing held.  Petitioner makes no showing that in a hearing he could prove his Petition's factual allegations, or that even if the factual allegations are proven, that he would be entitled to relief.  Petitioner's claims may be resolved on the state record.  The Report and Recommendation's recommendation regarding denial of an evidentiary hearing (Dkt. 22) should be adopted.

Ineffective Assistance of Counsel Claim. The legal standard for this claim is in the Report and Recommendation and is adopted here.  Dkt. 22.  Petitioner filed objections to the Report and Recommendation arguing that, as to his ineffective assistance of counsel claim, he had exhausted his claim that counsel was defective for failing to introduce a Tacoma Police Department Incident Report (in which Officer Bret Terwilliger stated, after reviewing the video of the incident, "[t]here did not appear to be anything in the suspect's hands prior to the assault, which would cause such a substantial injury").  He argues that the issue was exhausted when he

1  made a claim that counsel failed to "properly prepare for trial." Dkt. 23.  This objection does not

2  provide a basis to reject the Report and Recommendation.  Even if the claim was properly

3  exhausted, which it was not, the Report and Recommendation, considered the claim on the

4  merits.

5          Petitioner also argues that the Report and Recommendation's recommendation, that his

6  trial counsel was not defective (1) for failing to call David Pender, a witness Petitioner asserts

7  would have stated that Petitioner's hand was empty when he struck the victim, and (2) for failing

8  to introduce the incident report, was in error.  Dkt. 23.  As provided in the Report and

9  Recommendation, Plaintiff fails to show that his counsel's decision not call Mr. Pender or use

10 the incident report was constitutionally defective.  The analysis in the Report and

11 Recommendation on this issue is adopted here.  Further, Plaintiff did not show that he was

12 prejudiced by these decisions.  The jury saw the video and made its own determination about the

13 events that night, including whether Petitioner had something in his hand when he struck the

14 victim.  Petitioner is not entitled to relief on his ineffective assistance of counsel claim.

15          <u>Sixth Amendment Confrontation Clause Claim</u>.  Petitioner objects to the Report and

16 Recommendation's recommendation that his Sixth Amendment Confrontation Clause claim be

17 dismissed.  Dkt. 23.  Petitioner argues that his Sixth Amendment rights were violated when the

18 trial court permitted the State to introduce photographs and evidence collected by forensic

19 technician Vanessa Hohreiter.  Dkt. 1.  Ms. Hohreiter was unavailable at trial, so the State had

20 other witnesses present at the crime scene identify the evidence in her photographs. Dkt. 22, at

21 13.  The Report and Recommendation properly concluded that Petitioner was not entitled to

22 relief because no witnesses testified about Ms. Hohreiter's opinions or conclusions.  Dkt. 22.

23 Petitioner acknowledges that no Supreme Court case has held that photographs and or the other

24

1  evidence she collected is testimonial, but argues that because the Supreme Court has declined to

2  create a "forensic evidence" exception, a logical extension of that rule is that the Supreme Court

3  would hold that photographs and the other evidence collected here was testimonial.  Dkt. 23.

4  The case Petitioner cites for this proposition, *Melendez-Diaz v. Massachusetts*, 557 U.S. 305

5  (2009), held that certificates of analysis sworn by analysts at state laboratory, attesting that a

6  substance analyzed was cocaine, and that were offered at a criminal trial as evidence of

7  substance's composition, were testimonial statements covered by Confrontation Clause.

8  Petitioner makes no showing that this holding should somehow have been extended to cover

9  photographs or the other evidence that Ms. Hohreiter collected in his case. The Report and

10  Recommendation's recommendation that he has not shown that he is entitled to relief under the

11  Sixth Amendment (Dkt. 22) should be adopted and this claim dismissed.

12  <u>CERTIFICATE OF APPEALABILITY</u>

13         The district court should grant an application for a Certificate of Appealability only if the

14  petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.

15  § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a *habeas*

16  petitioner must make a showing that reasonable jurists could disagree with the district court's

17  resolution of his or her constitutional claims or that jurists could agree the issues presented were

18  adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–

19  485 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

20         A certificate of appealability should not issue here.  In this case, Petitioner has not made a

21  "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  He has not

22  made a showing that reasonable jurists could disagree with this court's resolution of his

23  constitutional claims or that jurists could agree the issues presented were adequate to deserve

24

1  encouragement to proceed further.  *Slack,* at 483-485.  The Report and Recommendation's

2  recommendation that a certificate of appealability should not issue here (Dkt. 22) should be

3  adopted.

4      Accordingly:

5      • The Court **ADOPTS** the Report and Recommendation (Dkt. 22);

6      • The Petition for Writ of *Habeas Corpus* (Dkt. 1) is **DENIED**;

7      • The issuance of a certificate of appealability is **DENIED**; and

8      • This case is **DISMISSED WITH PREJUDICE**.

9      The Clerk is directed to send uncertified copies of this Order to all counsel of record and

10 to any party appearing *pro se* at said party's last known address.

11     Dated this 16th day of September, 2016.

12

13

14     ROBERT J. BRYAN
       United States District Judge

15

16

17

18

19

20

21

22

23

24

ORDER ADOPTING REPORT AND
RECOMMENDATION AND DENYING PETITION
FOR WRIT OF HABEAS CORPUS- 5